**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Betty Aldama, | ) No. CIV 05-2016-PHX-MHM |
| Plaintiff, | ) **ORDER** |
| vs. | ) |
| Elizabeth Hatch, et al., | ) |
| Defendants. | ) |

Currently before the Court is Plaintiff Betty Aldama's ("Plaintiff") Motion for reconsideration. (Dkt.#18). This motion derives out of the Clerk's judgment on May 16, 2007, dismissing this matter because of Plaintiff's failure to comply with the Court's April 30, 2007 order directing any responsive pleading from Plaintiff to be filed no later than May 11, 2007. (Dkt.#15). The Court directed such a response because of Plaintiff's failure to respond to a pending motion to dismiss on Eleventh Amendment grounds filed by the Defendants. (Dkt.#14). Notably, the motion to dismiss was filed on October 6, 2006; however, despite ample opportunity to respond, including the opportunity created by this Court's April 30, 2007 order, Plaintiff failed to respond. Now, despite Plaintiff's clear failure to prosecute this action and to comply with the Court's orders, Plaintiff moves this Court to reconsider the judgment and to permit the continuance of this action.

Motions for reconsideration are disfavored and only appropriate if the court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision

1   was manifestly unjust, or (3) if there is an intervening change in controlling law." School

2   Dist. No. 1J, Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir.1993), *cert.*

3   *denied*,114 S.Ct. 2742 (1994).  Motions for Reconsideration are not the place for parties to

4   make new arguments not raised in their original briefs.  See Collins v. D.R. Horton, Inc.,, 252

5   F.Supp.2d 936, 938 (D. Ariz. 2003) (citing Northwest Acceptance Corp. v. Lynnwood

6   Equip., Inc., 841 F.2d 918, 925-26 (9th Cir.1988). Nor is it the time to ask the Court to

7   rethink what it has already thought. Id. (citing United States v. Rezzonico, 32 F.Supp.2d

8   1112, 1116 (D.Ariz.1998).  Accordingly, courts grant such motions only in rare

9   circumstances.  See Sullivan v. Faras-RLS Group, Ltd., 795 F.Supp. 305, 308-09

10  (D.Ariz.1992).

11     Here, Plaintiff makes no argument suggesting that this case qualifies to meet one of the

12  limited circumstances to support reconsideration.  Moreover, Plaintiff makes no argument

13  that relief of the Court's judgment is warranted under Rules 59(e) or 60(b) Fed.R.Civ.P.

14  Rather, Plaintiff appears to assert only that reconsideration is appropriate because she did not

15  receive the Court's April 30, 2007 order when it was originally mailed that day.   Plaintiff

16  asserts that she received the Court's order on May 18, 2007, after the Court had already

17  entered judgment.  Even if this argument falls under one of the limited circumstances

18  regarding reconsideration, which it does not, any delay in receiving the Court's order was not

19  caused by the Court, but by Plaintiff because of her failure to apprise the Court of her change

20  in address.  (Dkt.#16).  As such, there is no basis for this Court to reconsider and for relief

21  of the Court's judgment.

22     **Accordingly,**

23     **IT IS HEREBY ORDERED** denying Plaintiff's Motion for reconsideration.  (Dkt.#18).

24

25     DATED this 10th day of October, 2007.

26

27     _____
                      Mary H. Murguia
                 United States District Judge
28